UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-2788 ABC (PLAx), CV 04-3386 ABC (PLAx), CV 05-3910 ABC (PLAx) | Date | July 19, 2010 |
|---|---|---|---|
| Title | United States of America v. Real Property Located at 475 Martin Lane | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | |
|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   RE: THE GOVERNMENT'S HANDLING OF THE DISPUTE BETWEEN IT AND MR. HONIG (In Chambers)

      Simultaneous with issuance of this minute order, the Court is issuing a published order resolving the dispute between the Government and Mr. Honig regarding ownership of the attorney's fees awarded in this case.  The Court writes separately here to note its disappointment in the Government's handling of this dispute, as well as the dispute concerning priority in distribution of the Seized Properties.  This dispute has been marred by an ever-changing set of arguments advanced by the Government both on the merits and procedural aspects of Honig's request for relief.  For example, the Government's initial response to Honig's request for an order establishing his priority was an unequivocal statement that lien priority is not properly resolved in this Forfeiture Action.  (E.g., FA Docket No. 592 at 7 ("an in rem forfeiture proceeding is an improper action in which to bring the subject priority claim").)[1]  Not surprisingly, that led to more motion work and to the filing of the separate Wrongful Levy Action.  The Government maintained this position until the Court was on the brink of deciding cross-motions for summary judgment in the Wrongful Levy Action, at which time it reversed its position, arguing that the priority issues should be resolved in the Forfeiture Action instead.[2]

      The Court appreciates the Government's candor in admitting the erroneous nature of a number of the arguments it advanced.  (See, e.g., WLA Docket No. 61 at 5 n.2 ("The United States previously took the position in its Motion for Summary Judgment that it had lien priority over Plaintiffs with regard to the portion of the forfeiture assets belonging to Christopher Kim based on an erroneous interpretation of state law.").)  But it is also clear that the Government's ever-shifting positions placed a significant

---

[1] References to the Docket in the Forfeiture Action, Case No. CV 04-2788, will be denoted as "FA Docket."  References to the Docket in the Wrongful Levy Action, Case No. CV 09-7568, will be denoted as "WLA Docket."

[2] Similarly, the Government significantly revised some of its substantive arguments.  For example, the Government eventually conceded (again, after the motions for summary judgment were filed in the Wrongful Levy Action) that Honig has priority over the Government's tax liens as to the Seized Properties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 04-2788 ABC (PLAx), CV 04-3386 ABC (PLAx), CV 05-3910 ABC (PLAx) | Date | July 19, 2010 |
|---|---|---|---|

| Title | United States of America v. Real Property Located at 475 Martin Lane |
|---|---|

burden on both judicial resources and the parties' resources.  The Court reminds the Government's counsel that "[t]he court's time is a public commodity which should not be squandered."  United States v. Reeves, 636 F. Supp. 1575, 1578 (E.D. Ky. 1986).  As such, the Court expects parties to fully research and evaluate their positions **prior to asserting them**.[3]

    **IT IS SO ORDERED.**

                                                                                                                         :

Initials of Preparer    AB

cc:    George Cardona, Chief Assistant United States Attorney

---

[3] Although the Government bears the lion's share of fault, Honig also bears some blame.  (See, e.g., FA Docket No. 603 at 3 (noting that Honig's moving papers seeking an order on the priority of liens were a mere two-and-a-half pages and failed to grapple with threshold jurisdictional and procedural issues, and that he raised a number of new issues in reply).)