```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  JOHN E. LEE (CBN 128696)
    MONICA E. TAIT (CBN 157311)
 6  Assistant United States Attorney
    Asset Forfeiture Section
 7       1400 United States Courthouse
         312 North Spring Street
 8       Los Angeles, California 90012
         Telephone:  (213) 894-3995/2931
 9       Facsimile:  (213) 894-2380/7177
         E-Mail:  john.lee2@usdoj.gov
10                monica.tait@usdoj.gov

11  Attorneys for Plaintiff
    United States of America
12
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>REAL PROPERTY LOCATED AT 475 MARTIN LANE, BEVERLY HILLS, CALIFORNIA,<br><br>　　　　Defendant.<br>_____<br><br>CHRISTOPHER KIM, a/k/a KYUNG JOON KIM; BORA LEE; DAS CORPORATION; and OPTIONAL CAPITAL INC.,<br><br>　　　　Claimants.<br>_____<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v. | NO. CV 04-2788-ABC(PLAx)<br>[CONSOLIDATED ACTION]<br><br>[~~PROPOSED~~] JUDGMENT FOR ATTORNEY'S FEES IN FAVOR OF LAW OFFICES OF ERIC HONIG AND ERIC HONIG RELATING TO INTERVENTION MATTER<br><br><br><br><br><br><br><br>NO. CV 04-3386-ABC(PLAx) |

| | |
|---|---|
| REAL PROPERTY LOCATED AT 924 N. BEVERLY DRIVE, BEVERLY HILLS, CALIFORNIA,<br><br>　　　　　Defendant.<br>_____<br>ERICA M. KIM; DAS CORPORATION; OPTIONAL CAPITAL, INC.,<br><br>　　　　　Claimants.<br>_____<br>UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ALL FUNDS IN CREDIT SUISSE PRIVATE BANKING ACCOUNT NO. 0251-844548-6 IN THE NAME OF ALEXANDRIA INVESTMENT, LLC, <u>et al.</u>,<br><br>　　　　　Defendants.<br>_____<br>CHRISTOPHER KIM, a/k/a KYUNG JOON KIM; ERICA M. KIM; BORA LEE; SE YOUNG KIM; YOUNG AI KIM; ALEXANDRIA INVESTMENT, LLC; FIRST STEPHORA AVENUE, INC.; DAS CORPORATION; and OPTIONAL CAPITAL, INC.,<br><br>　　　　　Claimants.<br>_____ | NO. CV 05-3910-ABC(PLAx) |

　　　The Court having reviewed the accompanying stipulation between plaintiff United States of America and intervenors Eric Honig and Law Offices of Eric Honig, APLC (collectively, "Intervenors") for entry of this Judgment hereby finds as follows:

　　　1.　On July 19, 2010, the Court entered an order permitting Intervenors to intervene as of right in these consolidated actions

pursuant to Fed. R. Civ. P. 24(a) (docket no. 689 in CV 04-2878). In the same order, the Court held that attorney fee awards ordered in this action by this Court to the Kim Claimants[1] pursuant to 28 U.S.C. § 2465(b) belong and should be paid directly to Intervenors.

    2.   Definitions of terms used in this Judgment:

        a.   "CAFRA Fee Awards" refers to attorney fee awards ordered in this action by this Court to the Kim Claimants pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 28 U.S.C. § 2465(b);

        b.   "Intervention Attorney's Fees" refers to an award of attorneys fees to Intervenors relating to work performed solely on behalf of Intervenors;

        c.   "Wrongful Levy Action" means the matter <u>Law Offices of Eric Honig, A.P.L.C., et al. v. United States</u>, CV 09-7568-ABC; and

        d.   "Intervention Order" means this Court's July 19, 2010 order docketed as no. 689 in CV 04-2878.

    2.   It is the intent of the United States and Intervenors to resolve the Intervention Attorney's Fees by their accompanying Stipulation (the "agreement") and this Judgment.  The parties have agreed that the reasons for their settlement and the terms thereof are not fully and completely expressed in their agreement and that the agreement, or the fact that the parties have entered into an agreement, may not be used, referenced or cited in any future fee

---

[1] The "Kim claimants" are Christopher Kim, also known as Kyung Joon Kim; Bora Lee; Erica Kim; Se Young Kim; Young Ai Kim; Alexandria Investments, LLC; and First Stephora Avenue, Inc.

dispute.  By entering into their agreement and its provisions, the government has not conceded (a) that it was not substantially justified with respect to any positions taken in these consolidated actions or the Wrongful Levy Action; (b) that Intervenors or their counsel are entitled to a fee award under the Equal Access to Justice Act (28 U.S.C. § 2412(d)) or any other statute; (c) that any hourly rate upon which the parties' agreement is based is either the true rate billed, or a reasonable rate for purposes of any fee-shifting statute; (d) that any billing method or practice used in this case is reasonable for the purposes of any fee-shifting statute; or (e) that any amounts claimed by the Intervenors were reasonably incurred by them.  Neither the Kim claimants, nor Intervenors, nor counsel for Intervenors may cite to or rely upon the agreement or this Judgment in support of an argument concerning attorney fees against the Unites States (or any of its departments or agencies), either to establish entitlement to fees under any statute or to establish a claimed hourly rate or scope of allowable work, in any federal district or appellate court.

    3.   Pursuant to the parties' Stipulation, judgment is hereby entered for Intervention Attorney's Fees in favor of Intervenors and against the United States in the amount of $159,760.98 (the "Settlement Amount").  The United States shall pay $79,880.49 of the Settlement Amount by no later than the 45th day after entry of this Judgment.  If the Ninth Circuit Court of Appeals issues a decision ruling or affirming that the CAFRA Fee Awards belong to Intervenors rather than one or more of the Kim claimants in connection with any appeal of the Intervention Order, or in

connection with any other appeal while an appeal of the Intervention Order is pending, and such decision is not appealed further, or certiorari is denied, or is affirmed by the United States Supreme Court, then the United States shall pay the remaining $79,880.49 of the Settlement Amount 45 days after the issuance of the mandate of the last court to consider the matter (or 45 days after the final denial of certiorari, whichever is later).  If, however, the Ninth Circuit Court of Appeals issues a decision ruling that the CAFRA Fee Awards belong to one or more of the Kim claimants rather than Intervenors in connection with any appeal of the Intervention Order, or in connection with any other appeal while an appeal of the Intervention Order is pending, and such decision is not appealed further, or certiorari is denied, or is affirmed by the United States Supreme Court, then the United States shall neither pay nor owe the remaining $79,880.49 of the Settlement Amount.

4.   In consideration of the agreement, Intervenors and their counsel have released and waived any claim either or them may have for attorney's fees in connection with the Wrongful Levy Action to and including the date of entry of this Judgment.

5.   Except as specifically provided above, each party shall bear its own costs of litigation and attorney's fees.  Each party waives its right to appeal this Judgment.  The Court retains jurisdiction over the intervention matter and the parties hereto to effectuate the terms of the agreement.

**IT IS SO ORDERED.**

DATED: September 21, 2010                    _____
                                              The Honorable Audrey B. Collins
                                              CHIEF UNITED STATES DISTRICT JUDGE